```
 1 │ ADAM GORDON
   │ United States Attorney
 2 │ SAMSON J. SCHATZ
   │ Special Assistant U.S. Attorney
 3 │ California State Bar No. 326551
   │ United States Attorney's Office
 4 │ 880 Front Street, Room 6293
   │ San Diego, California 92101-8893
 5 │ Telephone: (619) 546-7666
 6 │ Attorneys for Plaintiff
   │ United States of America
 7 │
```



FILED
Sep 18 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ carolinalopez    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 3:25-CR-3493-CAB |
|---|---|
| Plaintiff, | (25-MJ-4374) |
| v. | **PLEA AGREEMENT** |
| VERONICA AVILA, | (Pre-Indictment Fast-Track Program) |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Samson J. Schatz, Special Assistant United States Attorney, and Defendant, VERONICA AVILA, with the advice and consent of Anton Vialtsin, counsel for Defendant, as follows:

//
//
//
//
//
//
//

SASC:sc:8/25/25

Def. Initials V.A

# I

# THE PLEA

## A. THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a single-count Information charging Defendant with:

> On or about August 12, 2025, within the Southern District of California, Defendant, VERONICA AVILA, did knowingly and intentionally import 5 kilograms and more, to wit: approximately 12.20 kilograms (26.89 pounds), of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

## B. EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12) and shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless Defendant has entered a guilty plea in open Court.

2. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation orders entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular devices; and

   b. Any vehicles.

3. Upon acceptance of Defendant's guilty plea by the District Court, Defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

Def. Initials V.A

C.   FORFEITURE

Defendant further agrees to the administrative or civil forfeiture of all properties seized in connection with this case, which Defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Defendant further waives Defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims Defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of properties seized in connection with this case. By signing this plea agreement, Defendant is hereby withdrawing all claims and all petitions relating to or arising from the seizure and forfeiture of properties in connection with this case.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. Defendant knowingly brought cocaine into the United States from a place outside the United States; and

2. Defendant knew that it was cocaine or some other federally controlled substance.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of cocaine involved in the offense was at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

3

Def. Initials V.A

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about August 12, 2025, Defendant knowingly and intentionally drove a vehicle from Mexico into the United States through the Otay Mesa, California, Port of Entry.

2. At the time Defendant applied for entry into the United States, concealed within the vehicle was approximately 12.20 kilograms (26.89 pounds) of cocaine, a Schedule II Controlled Substance.

3. At the time Defendant drove the vehicle into the United States through the port of entry, Defendant knew that the vehicle contained cocaine, or some other federally controlled substance, and Defendant intentionally brought these drugs into the United States.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   a maximum of life in prison, and a mandatory minimum 10 years;

B.   a maximum $10,000,000 fine;

C.   a mandatory special assessment of $100 per count;

D.   a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.   possible ineligibility for certain Federal benefits.

//
//
//

4

Def. Initials V.A

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS
AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

//

Def. Initials V.A

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge

Def. Initials V.A

must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

//
//
//

Def. Initials V.A

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] | | 30* |
| 2. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | | -2** |
| 3. | Acceptance of Responsibility [§ 3E1.1] | | -3 |
| 4. | Departure for Fast Track [§ 5K3.1] | | -4*** |

**\*The actual Base Offense Level (BOL) cannot be determined until a laboratory has performed a chemical analysis of either a sample or the bulk of the controlled substance(s), so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the chemical analysis as listed on the results of the laboratory testing of the controlled substance(s) according to one of two ways. If a sample of the controlled substances is tested, then the BOL will be determined based on the gross weight of the controlled substance(s) as determined at the time of Defendant's arrest (after first incorporating a 10% reduction in the overall weight to reflect a reduction in the weight for packaging and other considerations). If the bulk of the controlled substance(s) are tested, the BOL will be determined consistent with the results of the laboratory testing without a 10% reduction in the overall weight. If Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined**

Def. Initials V.A

pursuant to USSG § 4B1.1(b). Furthermore, Defendant may be ineligible for any role reduction.

\*\*If Defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2, the United States will recommend a two-level reduction of the guidelines. If Defendant fails to participate in an in-person debrief upon request, the United States may argue to the Court that Defendant should not qualify for a Safety Valve reduction.

\*\*\*The Government reserves the right to reduce its recommended departure if Defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C.  FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward

Def. Initials V.A

adjustments, departures, or variances not set forth in Section X, paragraph A above.

### D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

### E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

### F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend that Defendant be sentenced to the greater of the low end of the advisory Guidelines range as calculated by the Government; the statutory mandatory minimum sentence, if applicable; or the time served in custody at the time of sentencing.

### G. SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program,

10

Def. Initials V.A

likely would exceed the amounts that could reasonably be expected to be collected.

### H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) if Defendant is subject to a statutory minimum mandatory sentence, Defendant may appeal a custodial sentence above the minimum mandatory sentence; (ii) if Defendant is not subject to a statutory minimum mandatory sentence, Defendant may appeal a custodial sentence above 71 months; and (iii) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

//
//
//

Def. Initials V.A

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

   A.   Failing to plead guilty pursuant to this agreement;

   B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

   C.   Failing to appear in court;

   D.   Attempting to withdraw the plea;

   E.   Failing to abide by any court order related to this case;

   F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

   G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees

Def. Initials V.A

that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charges that are the subject of this plea agreement or any charges that the prosecution agreed to dismiss or not file as part of this agreement but later pursues because of a breach by Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

13

Def. Initials V.A

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Def. Initials V.A

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

9/15/25
DATED

SAMSON J. SCHATZ
Special Assistant U.S. Attorney

9.12.25
DATED

ANTON VIALTSIN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

9/12/25
DATED

VERONICA AVILA
Defendant

Approved by:

/s/ DAVID FAWCETT
DAVID FAWCETT
Assistant U.S. Attorney

Rev. 7/20/2025 def

15

Def. Initials VA